UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:23-CV-91-CRS

MARK J. BARDWELL                                                                PLAINTIFF

v.

CLARION POINTE HOTEL, *et al.*                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Mark J. Bardwell, *pro se*, filed a Complaint against Clarion Pointe Hotel, Daniel Moron, and Sherri Cattlett on June 26, 2023. [DN 1]. Simultaneously, Bardwell petitioned the court for leave to proceed *in forma pauperis*. [DN 2]. The court granted Bardwell leave. [DN 8].

Because Bardwell is proceeding *in forma pauperis*, the court must initially review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Upon review, the court must dismiss a case at any time if the court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When screening the Complaint, the court must construe it in the light most favorable to Bardwell and accept well-pleaded allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. McDonald*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Bardwell prepared his Complaint using the United States Courts' *pro se* "Complaint for a Civil Case" form. Under § II of the form, which concerns jurisdiction, Bardwell indicated that "the basis for federal court jurisdiction" is federal question. [DN 1 at 4]. Then, in § II(A), which prompts a plaintiff to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Bardwell wrote the following: "Freedom of speech." [DN 1 at 4]. Next, in § III, which prompts a plaintiff to "[w]rite a short and plain statement of the claim," Bardwell wrote the following: "I was fired for free speech i [sic] am seeking back wages 2-16-2023 to present and restoration of employment. 1-30-2023 i [sic] was fired by Daniel Moron for exercising my free speech." [DN 1 at 5]. And, in § IV, which prompts a plaintiff to "[s]tate briefly and precisely what damages or other relief the plaintiff asks the court to order," Bardwell wrote the following: "I ask the court for back wages 2-16-23 to present. Restoration of employment for wrongful termination using free speech." [DN 1 at 6]. Accordingly, the court construes Bardwell's Complaint as advancing a First Amendment retaliation claim. As such, the Complaint is appropriately reviewed under the standards for stating a claim pursuant to 42 U.S.C. § 1983 — the statutory vehicle for enforcing federal statutory and constitutional rights.

In a § 1983 action, a plaintiff must allege that a person acting under color of state law — that is, an employee or agent of a state or municipal government — subjected the plaintiff to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C § 1983. And when the underlying claim is First Amendment retaliation, a plaintiff must "plead the following three elements: '(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.'" *Jones v. Louisville/Jefferson Cnty.*

*Metro Gov't*, 482 F. Supp. 3d 584, 592 (W.D. Ky. 2020) (quoting *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012)).

Bardwell's Complaint alleges that his employment at the Clarion Pointe Hotel was terminated in January 2023 because of something he said. Bardwell is correct that the First Amendment safeguards free speech, but there are limits. *See Chaplinksy v. State of New Hampshire*, 315 U.S. 568, 571 (1942) ("[I]t is well understood that the right of free speech is not absolute at all times and under all circumstances."). One such limitation is that "the Free Speech Clause prohibits only *governmental* abridgement of speech. The Free Speech Clause does not prohibit *private* abridgement of speech." *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (emphasis in original). Therefore, courts differentiate between private and state actors to assess the viability of § 1983 First Amendment claims. *Id.* "By enforcing that constitutional boundary between the governmental and the private, the state-action doctrine protects a robust sphere of individual liberty." *Id.*

There are some circumstances in which a private actor may be deemed to have acted under color of state law. *Brentwood Academy v. Tennessee Secondary School Athletic Assn.*, 531 U.S. 288, 295 (2001). However, that is the case only if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974)). There is no such nexus here.

Bardwell sued private individuals, Moron and Cattlett, and a private company, Clarion Pointe Hotel, for terminating him for something he said. [DN 1 at 5]. There are no allegations against any state actors and nothing to suggest a "close nexus" between any state government entity and the challenged conduct. *Brentwood Academy*, 531 U.S. at 295. Thus, there

is nothing which would justify attributing the alleged behavior by these private actors to a state government. *Id.* As such, Bardwell's Complaint fails to assert a First Amendment retaliation claim as it complains of private conduct by private actors. These allegations cannot, as a matter of law, state a cognizable § 1983 claim.

Accordingly, Bardwell's claims will be dismissed for failure to state a claim for which relief can be granted. A separate Order will be entered contemporaneously with this Memorandum Opinion.

December 4, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*